IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| AMERICAN COUNCIL OF LIFE INSURERS, et al., <br><br> Plaintiffs-Appellees, <br><br> FINANCIAL SERVICES INSTITUTE, et al., <br><br> Intervenor Plaintiffs-Appellees, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, et al., <br><br> Defendants-Appellants. | No. 24-10890 |
| FEDERATION OF AMERICANS FOR CONSUMER CHOICE, INC., et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, et al., <br><br> Defendants-Appellants. | No. 24-40637 |

**JOINT MOTION TO CONSOLIDATE AND TO EXTEND THE TIME TO FILE OPENING AND RESPONSE BRIEFS**

Defendants-appellants, plaintiffs-appellees, and intervenor plaintiffs-appellees respectfully move to consolidate the above-captioned cases and to extend the deadline

1

to file an opening brief in the consolidated appeals to and including December 20, 2024, and to extend the deadline to file response briefs to and including February 14, 2025.

    1. These cases involve challenges to a rule issued by the U.S. Department of Labor (DOL) entitled Retirement Security Rule: Definition of an Investment Advice Fiduciary, 89 Fed. Reg. 32,122 (April 25, 2024), and to related prohibited transaction exemption (PTE) amendments. The rule and PTE amendments were scheduled to take effect on September 23, 2024. Two sets of plaintiffs brought suit in the Eastern and Northern Districts of Texas, and both sets of plaintiffs moved for a preliminary injunction and a stay of the effective date.[1] On July 25, 2024, a judge of the U.S. District Court for the Eastern District of Texas issued an order staying the effective date of the DOL rule and one of the PTE amendments. The following day, a judge of the U.S. District Court for the Northern District of Texas issued a decision also staying the effective date of the rule and the same PTE amendment, as well as additional PTE amendments.[2]

---

[1] A third set of plaintiffs subsequently intervened in the case in the Northern District of Texas.

[2] In the action filed in the Eastern District, the court stayed the rule and the Amendment to Prohibited Transaction Exemption 84-24, 89 Fed. Reg. 32,302 (Apr. 25, 2024). In the action filed in the Northern District, the court stayed the rule and the amendment to PTE 84-24, as well as the Amendment to Prohibited Transaction Exemption 2020-02, 89 Fed. Reg. 32,360 (Apr. 25, 2024), and Amendment to Prohibited Transaction Exemptions 75-1, 77-4, 80-83, 83-1, and 86-128, 89 Fed. Reg. 32,346 (Apr. 25, 2024).

2.  On September 20, 2024, defendants-appellants filed notices of appeals from the July 25 and July 26 orders. Those appeals have been docketed in this Court as *American Council of Life Insurers v. Department of Labor*, No. 24-10890, and *Federation of Americans for Consumer Choice, Inc. v. Department of Labor*, No. 24-40637.

3.  The parties respectfully request that the two appeals be consolidated solely for purposes of briefing and oral argument. Consolidation would promote judicial economy, as both appeals concern the validity of the same final rule promulgated by DOL, and plaintiffs in the two appeals assert similar claims. *See* Fed. R. App. P. 3(b)(2) ("When . . . parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.").

4.  Defendants-appellants further respectfully request a Level 1 extension of time to file an opening brief in the consolidated appeals. The opening brief in *Federation of Americans for Consumer Choice, Inc. v. Department of Labor*, No. 24-40637, is currently due on November 26, 2024, and the opening brief in *American Council of Life Insurers v. Department of Labor*, No. 24-10890, is currently due on December 2, 2024. Defendants-appellants request an extension of the deadline for a consolidated opening brief to be filed in both appeals to and including December 20, 2024. Good cause exists for the extension in light of deadlines in other matters that make it burdensome to complete the government's brief on the existing schedule. Leif Overvold, the attorney with primary responsibility for drafting the government's brief

3

in this appeal, is also responsible for preparing a response brief in *Oklahoma v. United States*, No. 24-6144 (10th Cir. response brief due Nov. 20, 2024), among other briefing assignments and internal matters. Michael S. Raab, who has supervisory responsibility over this case, is also responsible for supervising the following matters, among others: *Properties of the Villages, Inc. v. FTC*, No. 24-13102 (opening brief due Nov. 4, 2024); *Kentucky v. FHWA*, No. 24-5532 (6th Cir.) (reply brief due Nov. 4, 2024); *Union Pacific Railroad Co v. U.S. Railroad Retirement Board*, No. 24-2547 (8th Cir.) (response brief due Nov. 12, 2024); *Fontana v. Attorney General*, No. 24-2526 (3d Cir.) (response brief due Nov. 13, 2024); *Texas v. Garland*, No. 24-10386 (5th Cir.) (reply brief due Nov. 13, 2024); *United States ex rel. Vanderlan v. Jackson HMA, LLC*, No. 24-60215 (5th Cir.) (response brief due Nov. 14, 2024); *Novo Nordisk, Inc. v. Becerra*, No. 24-2510 (3d Cir.) (response brief due Nov. 14, 2024); *Tennessee v. Becerra*, No. 24-5220 (6th Cir.) (response to en banc petition due Nov. 15, 2024); *Bailey v. Attorney General*, No. 24-3752 (response brief due Nov. 15, 2024); *General Land Office v. Kinder*, No. 24-40447 (5th Cir.) (response brief due Nov. 20, 2024); *Kansas v. Garland*, No. 24-3101 (10th Cir.) (response brief due Nov. 20, 2024); *America First Legal Foundation v. Dellinger*, No. 24-5168 (D.C. Cir.) (response brief due Nov. 22, 2024); *Texas v. DOT*, No. 24-10470 (5th Cir.) (reply brief due Nov. 25, 2024); *Texas v. ATF*, No. 24-10612 (5th Cir.) (reply brief due Dec. 9, 2024); *Mastrangelo v. Attorney General*, No. 24-12856 (11th Cir.) (response brief due Dec. 18, 2024).

5. Counsel for plaintiffs-appellees and intervenor plaintiffs-appellees further request a corresponding 25-day Level 1 extension of time to file their respective response briefs in these appeals. Good cause exists for the extension in light of the intervening holidays and in light of the deadlines in a multitude of other matters involving the counsel for the two sets of plaintiffs-appellees and the intervenor plaintiffs-appellees. If the defendants-appellants' requested extension were granted, response briefs in the consolidated appeals would be due January 20, 2025, so plaintiffs-appellees' requested extension would make that deadline February 14, 2025. Accordingly, we request that the Court enter the following briefing schedule for the opening and response briefs in this case:

| | |
|---|---|
| Appellants' Opening Brief: | December 20, 2024 |
| Appellees' Response Briefs: | February 14, 2025 |

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court consolidate the above-captioned appeals and that it extend the deadline to file an opening brief in the consolidated appeals to and including December 20, 2024, and the deadline to file response briefs to February 14, 2025.

Respectfully submitted,

MICHAEL RAAB

/s/ *Leif Overvold*

LEIF OVERVOLD
(202) 532-4631
  Attorneys, Appellate Staff
  Civil Division, Room 7226
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C.  20530
  (202) 532-4631
  leif.overvold2@usdoj.gov

/s/ *Kelly P. Dunbar (by permission)*

  DAVID W. OGDEN
  KELLY P. DUNBAR
  KEVIN M. LAMB
  WILMER CUTLER PICKERING
    HALE AND DORR LLP
  2100 Pennsylvania Ave. NW
  Washington, DC  20037
  (202) 663-6000
  kelly.dunbar@wilmerhale.com

  ANDRES C. SALINAS
  WILMER CUTLER PICKERING
    HALE AND DORR LLP
  7 World Trade Center
  250 Greenwich Street
  New York, NY  10007

  MICHAEL A. YANOF
  NICOLAIDES FINK THORPE
    MICHAELIDES SULLIVAN LLP
  2501 North Harwood Street, Suite 1210
  Dallas, TX  75201

*Counsel for plaintiffs-appellees in No. 24-10890*

/s/ Don Colleluori (by permission)
Parker D. Young
*Attorney-In-Charge*
Texas Bar No. 22204050
parker.young@figdav.com
Don Colleluori
Texas Bar No. 04581950
don.colleluori@figdav.com
Amber D. Reece
Texas Bar No. 24079892
amber.reece@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
T: 214-939-2000 / F: 214-939-2090

*Attorneys for plaintiffs-appellees in No. 24-40637*

/s/Andrew G.I. Kilberg (by permission)
EUGENE SCALIA
JASON J. MENDRO
ANDREW G. I. KILBERG
LOCHLAN F. SHELFER
GIBSON, DUNN & CRUTCHER LLP
1700 M. St., N.W.
Washington, D.C. 20036-4504
escalia@gibsondunn.com
(202) 955-8210

RUSSELL HARRIS FALCONER
GIBSON, DUNN & CRUTCHER LLP
Suite 1100
2001 Ross Ave.
Dallas, TX 75201

*Counsel for intervenor plaintiffs-appellees in No. 24-10890*

7

NOVEMBER 2024

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system and that counsel for the parties will be served through that system.

s/ <i>Leif Overvold</i><br>
Leif Overvold

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,023 words, according to the count of Microsoft Word.

                                                 s/ *Leif Overvold*
                                               Leif Overvold