IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| FEDERATION OF AMERICANS FOR CONSUMER CHOICE, INC., *et al.*, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, *et al.*, <br><br> Defendants-Appellants. | No. 24-40637 |
| AMERICAN COUNCIL OF LIFE INSURERS, *et al.*, <br><br> Plaintiffs-Appellees, <br><br> FINANCIAL SERVICES INSTITUTE, *et al.*, <br><br> Intervenor Plaintiffs-Appellees, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, *et al.*, <br><br> Defendants-Appellants. | No. 24-10890 |

## UNOPPOSED MOTION TO HOLD CONSOLIDATED APPEALS IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully moves to hold these consolidated appeals in abeyance. Appellees in Case No. 24-40637 do not oppose this motion. Appellees and intervenors-appellees in Case No. 24-10890 do not oppose this motion.

**1.** This appeal involves a rule and certain regulatory amendments issued by the U.S. Department of Labor (DOL) to, among other things, amend the test for determining when an individual falls within the statutory definition of a "fiduciary" to an ERISA plan based on their "render[ing] investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan." 29 U.S.C. § 1002(21)(A)(ii); 26 U.S.C. § 4975(e)(3). Two district courts issued universal stays of the effective date of these regulatory changes. The government appealed both district court decisions.

**2.** Due to the recent change in administration on January 20, 2025, DOL is now under new leadership. New agency officials are still in the process of onboarding and familiarizing themselves with all of the issues presented by pending litigation.

**3.** To allow new DOL officials sufficient time to become familiar with the issues in these cases and determine how they wish to proceed, the

government respectfully moves to place these consolidated appeals in abeyance, with status reports due at 60-day intervals.

**4.** All parties agree that the requested abeyance would, if granted, remove appellees' obligation to file response briefs by the current deadline of February 14, 2025, and on that basis, appellees do not oppose this motion. In the event this Court denies the motion for an abeyance, all parties jointly request a one-week extension, to and including February 21, 2025, for appellees to file their response briefs.

                              Respectfully submitted,

                              MICHAEL S. RAAB

                              */s/ Michael Shih*
                              MICHAEL SHIH
                              STEVEN H. HAZEL
                              (202) 353-6880
                                 Attorneys, Appellate Staff
                                 Civil Division
                                 U.S. Department of Justice
                                 950 Pennsylvania Ave. N.W.
                                 Room 7268
                                 Washington, D.C. 20530

FEBRUARY 2025

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 287 words.

                                         */s/ Michael Shih*
                                         MICHAEL SHIH

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

                                         */s/ Michael Shih*
                                         MICHAEL SHIH